**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**Case No.: ____________________**

**FRANK D. HUSSON, JR.** and
**JACQUELYN A. HUSSON,** as parents
and conservators of **FRANK D. HUSSON, III**,

Plaintiffs,

v.

**OCEANIA CRUISES, INC.**,

Defendant.
_________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs FRANK D. HUSSON, JR. and JACQUELYN A. HUSSON, as parents and conservators of FRANK D. HUSSON, III, hereby sue Defendant, OCEANIA CRUISES, INC., trading and doing business as OCEANIA CRUISES, a for profit corporation, (hereinafter OCEANIA CRUISES) and allege:

1. This is an action for personal injuries under general maritime law seeking damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest and is otherwise within the jurisdiction of this Court.

**THE PARTIES**

2. At all times material, Plaintiffs FRANK D. HUSSON, JR. and JACQUELYN A. HUSSON, were and are residents of San Diego, California.

3. At all times material, Plaintiffs FRANK D. HUSSON, JR. and JACQUELYN A. HUSSON, were and are the parents and conservators of FRANK D. HUSSON, III.

4. At all times material, Defendant OCEANIA CRUISES was and is a for profit corporation with its worldwide headquarters, principle address and principle place of business at 8300 NW 33rd Street, Miami, Florida 33122.

5. At all times material, Defendant OCEANIA CRUISES is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Miami, Florida. Defendant OCEANIA CRUISES derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade, County, Florida.

6. At all times material, OCEANIA CRUISES owned, managed, operated, maintained, supervised and/or controlled, or was the owner pro hac vice and/or charterer of the ocean-going passenger vessel known as the *Riviera*.

**<u>JURISDICTION AND VENUE</u>**

7. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because the Defendant OCEANIA CRUISES is a foreign corporation with its principal place of business in Miami-Dade County, Florida. Diversity of citizenship jurisdiction exists for this case under 28 U.S.C. §1332 because the Plaintiffs reside in California.

8. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Savings to Suitors Clause under 28 U.S.C. §1333, as Defendant OCEANIA CRUISES unilaterally inserts a forum selection clause into its cruise tickets that requires that all

cruise-related suits brought by its passengers, "shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami . . . to the exclusion of the courts of any other county, state or country."

9. There is no time bar to this action since Plaintiffs FRANK D. HUSSON, JR. and JACQUELYN A. HUSSON have timely filed this matter within the one year statute of limitations set forth in Defendant's cruise ticket contract.

10. The Plaintiffs, FRANK D. HUSSON, JR. and JACQUELYN A. HUSSON, have complied with all conditions precedent to the filing of this lawsuit.

## **GENERAL ALLEGATIONS**

11. OCEANIA CRUISES invited the general public, including the Plaintiffs FRANK D. HUSSON, JR., JACQUELYN A. HUSSON, and FRANK D. HUSSON, III, to become passengers of the vessel *Riviera* in exchange for a monetary charge.

12. On or about June 1, 2015, as fare paying passengers, Plaintiffs FRANK D. HUSSON, JR., JACQUELYN A. HUSSON, JR., and FRANK D. HUSSON, III boarded the *Riviera* for a 15-day Ancient Empires cruise.

13. On or about June 8, 2015, OCEANIA CRUISES made available and invited its passengers, including FRANK D. HUSSON, III, to use its outdoor driving range netting/cage located on the sports deck.

14. On or about June 8, 2015, FRANK D. HUSSON, III, was using the golf cage in its intended manner when a golf ball rebounded off an uneven surface created by the negligent design and layout of the driving range netting/cage striking FRANK D. HUSSON, III directly in his left eye.

15. Defendant OCEANIA CRUISES, upon information and belief and at all times material, had actual knowledge that golf balls were striking and/or rebounding off the uneven surface in the driving range netting/cage.

16. As a result of the negligence of OCEANIA CRUISES, its vessel and/or crew, FRANK D. HUSSON, III sustained a serious injury that required extensive medical care and ultimately rendered him legally blind in his left eye.

**<u>COUNT I – NEGLIGENCE</u>**

17. Plaintiffs reallege, adopt and incorporate by reference the allegations in paragraphs 1 through 16 as though originally stated herein.

18. At all times material, OCEANIA CRUISES through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the circumstances to its passengers, including FRANK D. HUSSON, III. This duty included the duty to maintain and operate the *Riviera* in a reasonable and safe manner, and free from hazardous and dangerous conditions which could cause injury to its passengers.

19. At all times material, OCEANIA CRUISES through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to warn

of dangerous conditions that it knew about or should have known about through actual or constructive notice when the harm is reasonably foreseeable. This duty extends to all defective conditions aboard the ship that the shipowner created, knows or reasonably should know about.

22. Defendant OCEANIA CRUISES created a hazardous and foreseeably dangerous condition when it constructed, installed, designed, planned, and/or approved the design and layout of the driving range netting/cage which contained uneven surfaces and elevations.

23. On June 8, 2015, OCEANIA CRUISES, through its employees, servants, agents and/or representatives acting within the course and scope of their employment, breached its duty to exercise reasonable care under the circumstances owed to FRANK D. HUSSON, III and was negligent and careless by committing the following acts and/or omissions including but not limited to:

a. Failing to construct, install, design, and/or plan a driving range netting/cage in a reasonably safe condition;

b. Failing to properly maintain the driving range netting/cage in a reasonably safe condition;

c. Failing to warn of a dangerous condition that the Defendant created by the design and layout of the driving range netting/cage;

d. Failing to warn of a dangerous condition that the Defendant created by the installment of the driving range netting/cage;

e. Failing to warn of a dangerous condition that the Defendant created by approving the design, plan and/or layout of the driving range netting/cage;

f. Failing to properly inspect the driving range netting/cage;

g. failing to instruction or supervise passengers on the use of the driving range netting/cage;

h. failing to utilize reasonable and proper safety policies, procedures, protocols and practices in the construction, installation, designing, planning and/or layout of the driving range netting/cage;

i. failing to warn of the dangerous and hazardous condition of the driving range cage when Defendant created, knew and/or should have known;

j. negligently designing, selecting, authorizing and/or approving the driving range netting/cage;

k. failing to comply with industry standards;

l. failing to utilize reasonable and proper safety policies, procedures, protocols and practices in the use or operation of the driving range netting/cage;

m. failing to utilize reasonable and proper safety policies, procedures, protocols and practices to detect and correct dangerous conditions with driving range cage;

n. other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery;

24. The Defendant OCEANIA CRUISES created, knew and/or should have known of the above-described conditions through the exercise of reasonable care.

25. As a direct and proximate result of the above described negligence and carelessness by OCEANIA CRUISES, FRANK D. HUSSON, III suffered a catastrophic injury to his left eye and permanent loss of vision, suffered pain therefrom, suffered physical impairment and/or disability, mental anguish, the loss of capacity for the enjoyment of life, the aggravation of pre-existing conditions and inconvenience.

26. As a further direct and proximate result of OCEANIA CRUISES's negligence, FRANK D. HUSSON, III incurred medical expenses in the past and will continue to incur such expenses in the future.

WHEREFORE, Plaintiffs FRANK D. HUSSON, JR. and JACQUELYN A. HUSSON, as parents and conservators of FRANK D. HUSSON, III, demand judgment against Defendant OCEANIA CRUISES, INC., for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest to the extent allowed by law and attorneys' fees and costs as may be allowed by law and demands trial by jury of all issues so triable.

Dated this **19th** day of **February, 2016**.

Respectfully submitted,

By: Carol L. Finklehoffe
**CAROL L. FINKLEHOFFE** (FL Bar No.: 0015903)
E-Mail: finklehoffe@leesfield.com
**THOMAS SCOLARO** (FL Bar No.: 178276)
E-Mail: scolaro@leesfield.com
**LEESFIELD SCOLARO, P.A.**
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile: 305-854-8266
*Attorneys for Plaintiffs Frank D. Husson, Jr. and Jacquelyn A. Husson, as parents and conservators of Frank D. Husson, III*